a single business. The officials and directors of the two were the same persons. Except as disclosed in the findings of fact, above, the stockholders were the same. The shareholders who owned stock in one and not in the other were closely drawn together by ties of blood, friendship, and interest. We are of the opinion that during the fiscal years 1917, 1918, and 1920, respectively, The Kolynos Co. and Kolynos, Inc., met all the conditions required as a basis for affiliation by section 240 (b) of the Revenue Act of 1918 and section 1331 (a) and (b) of the Revenue Act of 1921, and were entitled to file consolidated returns for each of such years. *Appeal of Midland Refining Co.*, 2 B. T. A. 292; *Appeal of Isse Koch & Co.*, 1 B. T. A. 624; *Appeal of Stanley Insulating Co.*, 2 B. T. A. 967; *Appeal of Jordan Marsh Co.*, 3 B. T. A. 553.

Having determined that the petitioner and Kolynos, Inc., were entitled to make consolidated returns for the fiscal years ended, respectively, at August 31, 1917 and 1918, it follows that the additional taxes asserted by the Commissioner were erroneously determined, and that the amount of such taxes may not be deducted from the invested capital of the taxpayer for the fiscal year ended August 31, 1920.

> *Order of redetermination will be entered on 10 days' notice, under Rule 50.*

---

APPEAL OF GEORGIANA M. ROMBERGER AND PROVIDENT TRUST CO., EXECUTORS OF THE ESTATE OF HENRY A. ROMBERGER.

Docket No. 5938.    Decided July 29, 1926.

*M. Manning Marcus, Esq.*, for the petitioners.
*W. H. Lawder, Esq.*, for the Commissioner.

Before ARUNDELL and LANSDON.

The Commissioner's notice which is the basis of this appeal asserts deficiencies in income tax for the years 1919 and 1920, in the respective amounts of $6,840.12 and $5,831.92, and advises of an overassessment for the year 1921, in the amount of $216.06. The petitioners appeal only as to the year 1920, aver that the amount in controversy is $5,946.35, and contend that the Commissioner erred in disallowing a loss, in the amount of $14,926.36, sustained by Henry A. Romberger in the year 1920 in the sale of a certain residential property.

FINDINGS OF FACT.

Henry A. Romberger died May 10, 1925, at which time the tax controversy herein was pending before the Commissioner. By will,

duly admitted to probate, Georgiana M. Romberger and the Provident Trust Co. of Philadelphia were designated as executors of the estate of the deceased, and as such executors are the petitioners in this proceeding.

At a sheriff's sale held on January 24, 1910, Romberger purchased a residential property located at 5426 Wayne Avenue, Germantown, Philadelphia. Such property consisted of a lot improved with a twenty-room dwelling house, constructed of gray stone and a four-car gray-stone garage, which had second floor accommodations for a chauffeur and family. At the date of such purchase he was a widower, but, in March, 1910, he remarried. After some rather hurried repairs to the house he moved into and occupied it as his residence until some time in 1918, when he went to California. Thereafter, during Romberger's ownership, the house was occupied, rent free, by one John T. Bougher, who was a close personal friend of the owner.

The parties agree that the original purchase price of the property in question was $28,200; that during the years 1913, 1914, and 1917, Romberger made repairs, additions and improvements of a capital nature, at a cost of $24,364.62; and that he sold the property some time in 1920 for $37,500.

In his income-tax return for the year 1920, Romberger deducted the amount $14,926.36 as a loss sustained during the taxable years in a transaction entered into for profit. Upon audit of such return the Commissioner disallowed the loss, added the amount thereof to income, and asserted the deficiency which the Board is asked to redetermine.

#### OPINION.

LANSDON: In view of the Board's decision in the *Appeal of Lafayette Page*, 1 B. T. A. 400.

*Judgment for the Commissioner.*